ANTHONY D. RIZZO vs. BOARD OF ELECTION COMMISSIONERS
OF REVERE & others.[1]

Suffolk.   May 5, 1988. — July 14, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Elections*, Ballot.

Where, due to a printer's error in preparing the official ballots in an election
   for members of a city's school committee, the designation "Candidate
   for Reelection" which, pursuant to G. L. c. 54, § 41, should have
   accompanied the name of one of the candidates, was omitted from ballots
   furnished to voters in five of the city's six wards; where that candidate
   was defeated, while the three other incumbent candidates, who were
   designated as such, were reelected; and where the vote tabulation indi-
   cated that the error may have affected the outcome of the election, this
   court concluded that a new election was required. [21-23] NOLAN, J.,
   with whom LYNCH, J., joined, dissenting.

CIVIL ACTIONS commenced in the Superior Court Department
on November 9, 1987, and in the Supreme Judicial Court for
the county of Suffolk on November 18, 1987, respectively.

The cases were consolidated for trial and were heard by
*Wilkins*, J., in the Supreme Judicial Court for the county of
Suffolk.

*David Berman*, for the plaintiff, submitted a brief.

O'CONNOR, J. The plaintiff's complaint alleges that, in
the November 3, 1987, election, he was a candidate for
reelection to the school committee of Revere; that he was
not designated on the ballot as a candidate for reelection as
required by law; and that he was not reelected. The complaint
prays for an order requiring the defendant board to schedule
a new election with properly printed ballots. A single justice
of this court dismissed the complaint, and the plaintiff

[1] Emmanuel M. Ferrante, Donald E. Goodwin, Jr., Guy G. Meli, Peter
A. Martino, Jim Rose, Charles C. Moschella.

appealed. We reverse, and direct the entry of a judgment ordering the defendant board to schedule a new election for school committee as expeditiously as reasonably possible.

The parties have stipulated as follows: In the November, 1987, general city election, the plaintiff, who had served on the school committee continuously since January 1, 1966, was a candidate for reelection to that office, as were the defendants, Meli, Goodwin, and Ferrante. The defendants, Martino, Moschella, and Rose, were also candidates for school committee, as was Louis H. Cheako Ciarlone. On all of the ballots, the names of Meli, Ferrante, and Goodwin were accompanied by the words "Candidate for Re-election." However, the ballots in five of Revere's six wards failed to describe the plaintiff as a candidate for reelection. That failure was a printer's error. It was unintentional and was not discovered by the plaintiff or the defendant commissioners until late in the day of the election. The names of the candidates appeared on all ballots in the order required by law.

The parties have also stipulated that Meli, Ferrante, and Goodwin, who were designated on all the ballots as candidates for reelection, received 4,977 votes, 4,893 votes, and 4,716 votes respectively, and were elected. Martino, Rose, and Moschella, also elected, received 4,260 votes, 4,221 votes, and 4,051 votes respectively. Ciarlone, receiving 4,046 votes, was defeated, as was the plaintiff with 3,874 votes.[2]

General Laws c. 54, § 41 (1986 ed.), provides that all ballots must contain the words "Candidate for Reelection" in the same space as the name of an incumbent candidate for city office. In this case that mandate was violated. If there is a realistic possibility that the statutory violation influenced the outcome of the election, the election cannot stand. Surely, it should make no difference that the violation was unintentional.

---

[2] The statement of agreed facts provides that Moschella prevailed over Ciarlone by five votes. However, as a result of subsequent litigation, it now appears that Ciarlone had six more votes than Moschella, and therefore was elected. See unpublished Memorandum and Order, *Ciarlone* v. *Moschella,* 26 Mass. App. Ct. 1105 (1988).

We cannot say with confidence that the failure to designate the plaintiff as a candidate for reelection was without significant consequence. Less than one per cent of the total votes cast for school committee candidates separated the plaintiff from the candidate elected with the least number of votes. The margin was small. The three candidates designated as incumbents were the three top vote getters. We cannot ignore the real possibility that a significant number of voters, who did not vote for the plaintiff, may have been content with the performance of the school committee but were unfamiliar with the names of the members, and, had they been properly informed, would have voted for the plaintiff. Nor can we ignore the possibility that a significant number of voters would have voted differently simply because of a general bias in favor of candidates with experience or because of a reluctance to turn a person out of office without good reason.

The ballots did not merely fail to inform the voters of a material fact, that is, that the plaintiff was an incumbent. By designating three of the incumbent candidates as candidates for reelection, and not designating the plaintiff in the same way, the ballots clearly, but incorrectly, implied that the plaintiff was not an incumbent. Surely, ballots that give the voters false information of a kind that has significant potential for influencing voter preference ought to invalidate an election.

*Parrott* v. *Plunkett*, 268 Mass. 202, 208 (1929), does not support a different result. Unlike the present case, that case involved an error that had little or no potential to skew the vote. *Parrott* involved a contest for the office of selectman. The term of office was three years, but the ballot mistakenly described it as a one-year term. The clerical error had equal impact on all the candidates.

In *McCavitt* v. *Registrars of Voters of Brockton*, 385 Mass. 833 (1982), we expressed our belief that " 'whenever the irregularity or illegality of [an] election is such that the result of the election would be placed in doubt, then the election must be set aside,' and the judge must order a new election." *Id.* at 850, quoting *Callison* v. *Peeples*, 102 S.C. 256, 265 (1915). In keeping with that conviction, we reverse the judgment of

the single justice, and we direct the entry of judgment ordering the defendant election commissioners to schedule a new election for school committee as soon as reasonably possible.

*So ordered.*

NOLAN, J. (dissenting, with whom Lynch, J., joins). I dissent. There is no suggestion that the omission was deliberate. Rather, it seems clearly to have been an error of the printer. We should not nullify a concluded election because of an omission of this species. It is no more than a clerical error. The court today frolics in sheer speculation in holding that this printing omission had "significant consequence." The result of the court's decision today is to cast doubt about all matters conducted by this elected school committee. It assesses the heavy expense of another election on the people of the city of Revere and it imposes an undeserved burden, expense, and inconvenience on those school committee members duly elected at the last election to run again before their terms of office expire.